NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-5167

BRIAN GREER,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Brian Greer, of Walnut Creek, California, pro se.

A. Bondurant Eley, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were Peter D. Keisler, Acting Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director.

Appealed from: United States Court of Federal Claims

Judge Thomas C. Wheeler

# United States Court of Appeals for the Federal Circuit

2007-5167

BRIAN GREER,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED:    December 4, 2007

_____

Before RADER, <u>Circuit Judge</u>, CLEVENGER, <u>Senior Circuit Judge</u>, and DYK, <u>Circuit Judge</u>.

PER CURIAM.

Brian Greer ("Greer") appeals from a decision of the United States Court of Federal Claims dismissing his complaint for lack of subject matter jurisdiction. Because that court correctly concluded that it lacked jurisdiction over Greer's complaint, we <u>affirm</u>.

## BACKGROUND

The dispute in this case stems from labor grievances filed by Greer against his former employer, Safeway, Inc. ("Safeway"), with the National Labor Relations Board ("NLRB") and the Equal Employment Opportunity Commission ("EEOC"). Greer alleges that the NLRB and EEOC disclosed the grievance filings to Safeway, which in turn disclosed them to other prospective employers. He alleges that he has been unable to find employment as a result. Greer filed this action in the Court of Federal Claims

against the NLRB and the EEOC, alleging that the agencies breached a contract with him in which they agreed, through statements on their websites and through an "obligation inherent and obvious within [the retaliation] laws," J.A. at 18, to protect him, as a complainant, from retaliation by employers.[1] He asserted that the agencies breached this alleged contract by providing Safeway with a copy of Greer's complaint and thereby "licensing" Safeway to distribute the complaint to other prospective employers. Greer also asserted several equitable causes of action based on this alleged breach, seeking, among other things, an injunction ordering the agencies to keep the fact of filing of complaints confidential. In a later filing, Greer added claims under the Fifth and Fourteenth Amendments, and under the prohibition against bills of attainder in Article I, Section 9 of the Constitution.

The Court of Federal Claims granted the government's motion to dismiss the complaint for lack of subject matter jurisdiction. Greer alleged jurisdiction under the Tucker Act, which authorizes the Court of Federal Claims to hear claims against the United States founded upon, inter alia, "any express or implied contract with the United

---

[1] Greer relies on the following statement from the NLRB website: "The National Labor Relations Act (NLRA) protects employees' rights to engage in protected concerted activities with or without a union, [including] an employee speaking to his/her employer on behalf of him/herself and one or more co-workers about improving workplace conditions." NLRB: About Us, http://www.nlrb.gov/Workplace_Rights/i_am_new_to_this_website/what_are_protected_ concerted_activities.aspx (last visited Nov. 15, 2007).

Greer also relies on the following statement from the EEOC website: "An employer may not fire, demote, harass or otherwise 'retaliate' against an individual for filing a charge of discrimination . . . ." Retaliation, http://www.eeoc.gov/types/retaliation.html (last visited Nov. 15, 2007).

Finally, Greer relies on several federal and state laws, including the National Labor Relations Act and the California Labor Code. See J.A. at 18.

States." 28 U.S.C. § 1491(a)(1) (2000). The court noted that the jurisdiction granted by the Tucker Act does not extend to contracts implied in law. Hercules, Inc. v. United States, 516 U.S. 417, 423 (1996). The court found that, accepting the undisputed allegations as true and drawing all inferences in favor of the plaintiff, no express or implied in fact contract existed between Greer and the United States. Thus, "[i]f the Court were to find that [the United States] took on a contractual obligation to Mr. Greer when he filed his grievances, it would have to be based on an implied in law contract which the Court lacks jurisdiction to consider." Greer v. United States, No. 07-123C, slip op. at 3-4 (Fed. Cl. Aug. 1, 2007). The court also determined that it lacked jurisdiction over Greer's other claims. It could not consider a due process claim unless it was ancillary to a claim for money damages, and Greer had not asserted a claim for damages over which the court had jurisdiction. Furthermore, the Fourteenth Amendment, which acts as a restraint only upon the states, was inapplicable to a claim against the federal government. Finally, the court lacked jurisdiction to consider Greer's equitable claims because "the Tucker Act does not allow for the award of equitable or injunctive relief, except in limited circumstances not applicable here." Id., slip op. at 4.

Greer timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

DISCUSSION

We review the decision of the Court of Federal Claims to dismiss for lack of subject matter jurisdiction de novo. See Sanders v. United States, 252 F.3d 1329, 1333 (Fed. Cir. 2001). The petitioner bears the burden of proving that the court possessed jurisdiction over his complaint. See id.

Greer's first argument on appeal is that the Court of Federal Claims did have jurisdiction over his complaint, because his purported contract with the government was not an implied in law contract. We reject this argument. An express or an implied-in-fact contract with the government requires, as one element, "'actual authority' on the part of the government's representative to bind the government." Schism v. United States, 316 F.3d 1259, 1278 (Fed. Cir. 2002) (en banc); see also Night Vision Corp. v. United States, 469 F.3d 1369, 1375 (Fed. Cir. 2006) (stating that elements for express and implied-in-fact contracts are the same). The Court of Federal Claims correctly found that this element was not satisfied here, because Greer did not allege that any government representative with actual authority agreed to bind the United States to a contract. Greer v. United States, No. 07-123C, slip op. at 4. Rather, if any contractual obligation on the part of the United States were to be found from the alleged promises, "it would have to be based on an implied in law contract," id., slip op. at 3-4, which "is a 'fiction of law' where 'a promise is imputed to perform a legal duty.'" Hercules, 516 U.S. at 424 (internal citation omitted). The Court of Federal Claims correctly found that it would lack jurisdiction over such a contract even if one did exist, because the Tucker Act's grant of jurisdiction extends only to express and implied-in-fact contracts. Id. at 423.

Greer's second argument is that, upon determining that it lacked subject matter jurisdiction, the court was required to transfer the case sua sponte to a court of proper jurisdiction. We reject this argument. Under 28 U.S.C. § 1631, a federal court that lacks jurisdiction is permitted, "if it is in the interest of justice, [to] transfer such action or appeal to any other such court in which the action or appeal could have been brought at

the time it was filed or noticed." In this case, there was no other such court in which Greer's damages action could have been brought. Transfer under section 1631 is authorized only to the courts listed in 28 U.S.C. § 610: "the courts of appeals and district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, the District Court of the Virgin Islands, the United States Court of Federal Claims, and the Court of International Trade." None of those courts, however, would have had jurisdiction over Greer's claim. Greer sought to recover damages of over four million dollars from the United States. The Court of Federal Claims has exclusive jurisdiction over claims under the Tucker Act for money damages exceeding $10,000. See Christopher Village, L.P. v. United States, 360 F.3d 1319, 1332-33 (Fed. Cir. 2004). The court therefore lacked the ability to transfer the claim under section 1631 because there was no other federal court in which it could have been brought. Furthermore, the court did not abuse its discretion in declining to transfer Greer's equitable claims to another federal court.

Greer asserts several additional errors by the trial court. None of these arguments has merit, and we reject them. In particular, the allegations of misconduct by the Court of Federal Claims judge are speculative and entirely unsupported, and do not state a cognizable claim of bias in any event. See Liteky v. United States, 510 U.S. 540, 555 (1994) (requiring an extrajudicial source to support a claim of bias).

For the reasons set forth above, the decision of the Court of Federal Claims is affirmed.

No costs.